# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2610 | **DATE** | MAY 13 2008 |
| **CASE TITLE** | Adam Climek vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his complaint.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate at the Cook County Jail, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff, through counsel, claims that the defendants, Cook County and its sheriff, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that he did not receive needed antibiotics, post-surgical care, or anti-psychotic medication when he was admitted to the jail; he additionally contends that Cook County has a policy and practice of denying adequate medical care to pretrial detainees.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against the defendants. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). While a more fully developed record may belie he plaintiff's allegations, the defendants respond to the complaint. [As counsel paid the statutory filing fee, summonses have already been issued.]

mjm