UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM CLIMEK, | ) |
| Plaintiff, | ) 08 C 2610 |
| -vs- | ) |
| | ) Judge Joan H. Lefkow |
| SHERIFF OF COOK COUNTY and COOK COUNTY, | ) |
| Defendants. | ) |

## COOK COUNTY'S ANSWER TO THE COMPLAINT

Defendant Cook County, by its attorney Richard A. Devine, State's Attorney of Cook County, through his Assistant State's Attorney, in Answer to Plaintiff's Complaint, state as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. Plaintiffs invoke the jurisdiction of the Court pursuant to 28 U.S.C. §1343.

ANSWER: Defendant admits the averment in this paragraph.

2. Defendants Sheriff of Cook County has exclusive custodial control over the Cook County Jail and is sued in his official capacity only.

ANSWER: Defendant admits the averment in this paragraph.

3. Defendant Sheriff has a duty to screen for medical and mental health problems each person being processed into the Cook County Jail. The Sheriff also has a duty to provide care and treatment for any prisoner at the jail who faces a substantial risk of serious harm without such care and treatment.

ANSWER: Defendant denies the averment in this paragraph.

4. Defendant Sheriff has delegated the above referred duties to "Cermak Health Services," a division of defendant Cook County.

    ANSWER:    Defendant denies the averment in this paragraph.

5.    In the two-year period preceding the filing of this complaint, defendants have applied a variety of policies and practices which caused serious harm to plaintiff. These policies and practices are at issue in a case pending on plaintiffs' motion for class certification, *Parish v. Sheriff*, 07 CV 4369. include the following:

    ANSWER:    Defendant denies that defendants have applied a variety of policies and practices which caused serious harm to Plaintiff. Defendant admits the remaining averment in this paragraph.

6.    Plaintiff Adam Climek was admitted to the jail in May of 2007, following surgery.

    ANSWER:    Defendant admits that Plaintiff was admitted to the jail in May 2007. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining averment in this paragraph.

7.    When plaintiff arrived at the jail, it was obvious from his physical condition and his medical records that he should receive antibiotics, that the dressing on his surgical wound should be changed and the wound cleaned several times a day, and that plaintiff should continue to receive anti-psychotic medication.

    ANSWER:    Defendant denies the averment in this paragraph.

8.    As the result of defendants' above referred policies, plaintiff did not receive the medical care referred to in paragraph 7 above and as a result incurring serious harm.

    ANSWER:    Defendant denies the averment in this paragraph.

**AFFIRMATIVE DEFENSE:**    Plaintiff, while an inmate, failed to exhaust his administrative remedies before filing this action. Therefore this action should be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

**JURY DEMAND**

Defendant demands trial by jury.

                                        Respectfully submitted,

                                        RICHARD A. DEVINE
                                        State's Attorney of Cook County

By:       *s/Daniel J. Fahlgren*
                                        Daniel J. Fahlgren
                                        Assistant State's Attorney
                                        Civil Actions Bureau
                                        500 Richard J. Daley Center
                                        Chicago, Illinois 60602
                                        6201163

Case 1:08-cv-02610 Document 10 Filed 06/09/2008 Page 4 of 4